GERALD H. GLASER AND CAROL J. GLASER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glaser v. Commissioner
Docket No. 1701-83.
United States Tax Court
T.C. Memo 1984-342; 1984 Tax Ct. Memo LEXIS 330; 48 T.C.M. (CCH) 447; T.C.M. (RIA) 84342; July 9, 1984. Gerald H. Glaser, pro se. *331 Mark A. Pridgeon, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax and an addition to tax in the following amounts: Addition to Tax
Year
Deficiency
Under Section 6653(a) [1]
1980
$2,611.95
$130.59
The issues remaining for our determination are: (1) Whether petitioners are entitled to deductions in excess of their rental income for renting a part of their home to petitioner Carol J. Glaser's mother; (2) Whether petitioners can substantiate deductions claimed for an alleged construction business in excess of the amounts conceded by respondent; and (3) Whether petitioners are liable for the addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Bloomer, Wisconsin at the time they filed their petition in this proceeding. They *332 filed a joint Federal income tax return for the taxable year 1980. Petitioners derived $1480 in gross receipts from a variety of part-time construction and repair services provided by petitioner Gerald H. Glaser, sometimes with the use of a back hoe he owned and operated. Petitioners claimed a variety of deductions on a Schedule C attached to their return. All of these deductions were disallowed by respondent in his statutory notice of deficiency for lack of substantiation. Subsequently, petitioners submitted their records to respondent and respondent now concedes that the amounts listed below are deductible as business expenses: Amount Claimed
Amount Conceded
Expense Item
per Schedule C
by Respondent
Bank Charge
$ 6.58
$ 6.65
Car and Truck
2613.21
152.23
Depreciation
866.88
809.75
Dues and Publ.
15.37
Insurance
105.29
25.40
Interest
635.02
305.18
Laundry
14.36
Legal-Prof.
20.00
Office Supp.
33.82
Postage
13.80
5.00
Repairs
120.63
62.52
Supplies
887.28
Telephone
370.95
17.76
Food
451.95
Utilities
190.36
70.51
Helpers [2]
801.66
25.00
TOTAL
$7147.16
$1480.00
*333 Petitioner Carol J. Glaser's mother lived with petitioners in their residence during 1980 and paid rent of $100 a month during that year for a total of $1,200. Petitioners deducted the expenses listed below, all of which respondent disallowed for lack of substantiation. After examining petitioners' records, respondent concedes that the expenses listed below are deductible as related to petitioners' rental activity: Amount Claimed
Amount Conceded
Expense Item
per Return
by Respondent
Insurance
$ 20.84
$ 16.93
Interest
113.91
92.61
Mileage
1,000.20
180.78
Elec. and Water
115.63
105.76
Supplies
47.31
67.18
Heat
49.21
44.99
Food-In
294.47
391.75
Depreciation
300.00
300.00
TOTAL
$1,941.57
$1,200.00
OPINION We first must decide whether petitioners may deduct amounts in excess of income they received from Mrs. Glaser's mother for renting a room in their four bedroom house. Unless an activity is engaged in for profit, section 183 limits deductions applicable to the activity to the income derived therefrom. [3] Petitioners bear the burden of proving error in respondent's determination. Welch v. Helvering,290 U.S. 111 (1933); *334 Rule 142(a), Tax Court Rules of Practice and Procedure. Plainly on the record before us, petitioners were not engaged in the trade or business of renting real estate or undertook such activity with a profit objective. There is nothing in the record to indicate that the rental charge was anything more than a cost sharing arrangement whereby Carol J. Glaser's mother reduced the additional costs the couple incurred as a result of her living with them. The record contains no information as to the proportion of the total square footage of the house occupied by the "tenant", or the fair market value of her right to use one room and her access to the remaining portion of the dwelling. There is no indication that there was either a written or oral lease, or that any of the other arrangements were conducted on a business rather than a family basis. Respondent was clearly correct in designating this as a family rather than a business relationship and disallowing expenses to the extent that they exceeded the income. *335 The next question presented is whether petitioners may deduct over $7,000 in claimed Schedule C expenses allegedly incurred in earning $1480 from Gerald's construction and repair services. Petitioners' records were fragmentary and inconclusive, to put it generously. The checks introduced do not indicate that the expenditures were for business purposes, and the sheet allegedly logging Gerald's travel activities was more an exercise in creative writing than bookkeeping. By way of example, we note that two of the large expenditures listed were $2613 for car and truck expenses, and $801 for "helpers". Petitioners submitted a matrix on legal size paper as a record of travel expenditures during the year. The vertical axis listed months in sequence (January through December), while the horizontal axis listed the days of the month. Each box of the matrix, corresponding to a month and date during the year, contained entries by symbol showing various trips Gerald took. Gerald entered 430 trips during the year to Bloomer, ostensibly for supplies totaling $887, although he admitted on cross examination that some of the trips were to take his mother-in-law shopping. Gerald also made *336 entries showing he made as many as four trips a day to the garage where his back hoe was stored, even though many of these trips were during times of the year when the ground was frozen and use of the back hoe for digging was impractical. In other instances, Gerald's explanation of the matrix was vague at best. Additionally, he did some work for his brother on various occasions under circumstances suggesting a family rather than a business relationship. As to the $801 for "helpers", petitioner again was extremely vague. It is clear, however, that significant payments were made to his seven year old son for doing various chores, and also some payments were made to his mother-in-law for her assistance around the house. We find these expenses, to the extent they were made, to be nondeductible personal expenses. Section 262. Petitioner was equally vague as to other items on the list. He first testified that he deducted 100% of his phone bill, and then later speculated that he only deducted long distance calls attributable to his construction business. In view of the inconclusive nature of Gerald's limited records, and his vague and inconsistent explanations, we conclude that respondent *337 was generous in allowing the deductions that he did. Rule 142(a), supra. Therefore we also sustain respondent on this issue. Finally, we must determine whether petitioners are liable for the addition to tax for negligence as determined by respondent. Petitioners are liable for such addition to tax under Section 6653(a) unless they prove that the underpayment of tax for 1980 was not due to negligence or intentional disregard of rules and regulations. Petitioners have not introduced any evidence on this issue and thus we assume it to be conceded. Enoch v. Commissioner,57 T.C. 781, 803 (1972); Rule 142(a), supra.
Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The item for "helpers" reflects payments to petitioners' son (then age 7) for cleaning the garage and other chores, and to Carol J. Glaser's mother for various services.↩
3. Section 183 as relevant to these proceedings provides: SEC. 183. ACTIVITIES NOT ENGAGED IN FOR PROFIT. (a) GENERAL RULE.--In the case of an activity engaged in by an individual or an electing small business corporation (as defined in section 1371(b)), if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section. (b) DEDUCTIONS ALLOWABLE.--In the case of an activity not engaged in for profit to which subsection (a) applies, there shall be allowed-- (1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1). (c) ACTIVITY NOT ENGAGED IN FOR PROFIT DEFINED.--For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212.↩